UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICE DOUGLAS,

    Plaintiff,

v.

                              Case No. 15-13588

                              Hon. John Corbett O'Meara

SEIU HEALTHCARE MI,
SEIU INTERNATIONAL UNION,
NATIONAL COUNSEL FOR
COMMUNITY EMPOWERMENT,
and CHRISTOPHER GARY,

    Defendants.
_____/

**ORDER GRANTING MOTIONS FOR**
**SUMMARY JUDGMENT AND FOR SANCTIONS**

Before the court are a motion for summary judgment filed by SEIU Healthcare MI and motions for summary judgment and sanctions filed by Service Employees International Union (SEIU).[1]  Plaintiff Patrice Douglas has not filed responses to any of the pending motions.

Plaintiff's complaint alleges employment discrimination claims under Title VII and the Elliott-Larsen Civil Rights Act, as well as a breach of implied contract of employment claim.  Defendants SEIU Healthcare MI and SEIU contend that

---

[1] Defendants Christopher Gary and the National Counsel for Community Empowerment have apparently not been served with the complaint.

Plaintiff's claims must fail because Plaintiff was not employed by either organization during the relevant period. See, e.g., Minnis v. McDonnel Douglas Tech. Servs. Co., 162 F. Supp.2d 718, 733 (E.D. Mich. 2001) (dismissing Title VII and Elliott-Larsen claims because they require employer-employee relationship). Because Plaintiff has failed to establish this essential element of her claims, they must be dismissed.

Defendant SEIU also seeks sanctions, arguing that Plaintiff's claim of an employer-employee relationship lacked evidentiary support and that Defendant has been unable to contact Plaintiff's counsel to discuss this, despite multiple attempts. Based upon the lack of evidentiary support for Plaintiff's claims and her counsel's failure to participate in this litigation, the court agrees that sanctions under Rule 11 are appropriate. See Rentz v. Dynasty Apparel Indus. Inc., 556 F.3d 389 (6th Cir. 2009). The court will sanction Plaintiff's counsel, but not Plaintiff individually, because there is no evidence that Plaintiff was personally involved in the Rule 11 violation. See id. at 398 ("Courts have generally declined to impose sanctions on represented parties."). Defendant SEIU may submit to the court a declaration detailing the reasonable fees and costs incurred in defending this action.

IT IS HEREBY ORDERED that Defendants' motions for summary judgment (Docket Nos. 13 and 16) and Defendant SEIU's motion for sanctions

(Docket No. 14) are GRANTED.  Plaintiff's complaint is DISMISSED WITH PREJUDICE.

                                      s/John Corbett O'Meara
                                      United States District Judge

Date:  March 29, 2016

    I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, March 29, 2016, using the ECF system.

                                        s/William Barkholz
                                        Case Manager